PIERCE, Chief Judge.
Appellant Guaranty Federal Savings and Loan Association of St. Petersburg appeals to this Court to review a judgment against it entered by the Hillsborough County Circuit Court on October 20, 1970, in favor of Louis E. Budd, Bessie L. Budd and Catherine Budd, a minor, by her father and next friend, Louis E. Budd.
On November 14, 1968, the Budds filed second amended complaint against Guaranty Federal, alleging that on or about August 2, 1967, they purchased from Guaranty Federal certain real property in Tampa as a place of residence; that the contract of purchase “provided specifically that a water pump was to be installed on the property . . . but did not specifically refer to the adequacy of the water”; that shortly thereafter the Budds moved into the residence and from then on they had trouble with the water pump and well and the quality of the water flowing into the home; that Guaranty Federal was duly advised of the continuing trouble and attempts were made to remedy the situation, even to securing the services of Zita Pump Company to dig a new well; that the water situation at the home remained unsatisfactory, the drinking water being “impure and unfit for the use intended, and contained germs and micro-organisms, resulting in serious illness to the minor plaintiff, Catherine Budd”; for all of which the Budds suffered damages notwithstanding the express warranties and implied warranty for merchantability and fitness for the use intended of the well, the pump, and the water supply itself.
Upon a general denial of the basic facts underlying the suit, a trial of the issues was had before a jury on October 12th to 14th, 1970, resulting in a verdict in favor of Mr. and Mrs. Budd for $5,000.00 and for Catherine Budd of $1,000.00. Motion for new trial being duly denied, judgment was accordingly entered on October 20th, 1970. It is from this judgment, entered consequent upon the jury verdict after the trial, that Guaranty Federal appeals. We affirm.
A voluminous and exhaustive brief was filed here on behalf of Guaranty Federal, comprising 49 pages and citing and arguing 48 cases, five text books, four encyclopedias and one statutory provision. The brief shows painstaking research and exhaustive industry. It is a veritable model of erudite assiduity. It abounds with sedulous references and dissertations on, among other things, percolating waters, the Statute of Frauds, well water and water rights, implied warranty theories, express oral warranty theories, presumptions running forward but not backwards, and the pyramiding of inferences. But after reading the voluminous record and briefs of the parties, we are obsessed with the view that when all is said and done this was a rather simple case involving essentially a single jury question, viz: Did the parties in their original deal contemplate that the Budds would be furnished good drinking water and did they get it ?
In the original sales contract there was typewritten therein the words “Water pump to be installed”. And after the deal had been consummated and the Budds had moved in, a representative of Guaranty Federal visited the home and during a conversation regarding the well said, “well, one thing you have to have in a home is drinking water”.
A fair jury heard all the evidence and examined all the exhibits. A fair judge presided at the trial and made fair rulings. The issues were resolved against Guaranty Federal and the evidence was amply suffi *550 cient to sustain the finding. No reversible error appears in the Court’s rulings on the pleadings, the admissibility of evidence, or the charges to the jury.
Accordingly, the judgment appealed is—
Affirmed.
LILES and MANN, JJ., concur.